JEROME B. LEGG, Appellant, v. J. H. JOHNSON, Respondent.

### St. Louis Court of Appeals, December 7, 1886.

1. INSTRUCTIONS—IRRECONCILABLE.—The giving of instructions covering the entire case, and which are so contradictory in part as to be irreconcilable, is error for which the judgment will be reversed.

2. ———— AMBIGUOUS.—An instruction which is so ambiguous as to admit of two constructions is misleading and erroneous.

APPEAL from the St. Louis Circuit Court, SHEPARD
BARCLAY, Judge.

*Reversed and remanded.*

TAYLOR & POLLARD, for the appellant: A contra-
.diction between two instructions, so far from correcting
the evils of either, multiplies them both. *Turner v.
Babb*, 45 Mo. 387 ; *Henshen v. O'Bannon*, 56 Mo. 289 ;
*Goetz v. Railroad*, 50 Mo. 472 ; *The State v. Mitchell*,
64 Mo. 191 ; *The State v. Nauert*, 2 Mo. App. 295 ;
*Stevenson v. Hancock*, 72 Mo. 614 ; *Price v. Railroad*,
77 Mo. 512 ; *The State v. Simms*, 68 Mo. 309 ; *Staples v.
Town of Canton*, 69 Mo. 594.

BOYLE, ADAMS & MCKEIGHAN, for the respondent.

Rombauer, J., delivered the opinion of the court.

The main controversy of fact in this cause is, whether the defendant in certain transactions involving the purchase of property by the plaintiff, acted as a vendor principal, or as the plaintiff's agent.

The petition charges, in substance, that the defendant fraudulently represented to the plaintiff that certain mining property in which he, the defendant, was interested as co-owner, was of great value, and that owing to the need of some of the other owners of the property, their interests in this and some adjoining property could be bought at a very low figure. That if the plaintiff would buy out one of such part owners the defendant would buy out another, and attend to all negotiations of purchase without any cost to the plaintiff. That the defendant further falsely represented that twenty-five hundred dollars was the lowest price at which either of such co-owners would sell, and upon such representations obtained from the plaintiff twenty-five hundred dollars to complete the purchase, but instead of so using said money, used only one thousand dollars, which was all that was required for the contemplated purchase, and thus by fraud and false representations, obtained fifteen hundred dollars of the plaintiff's money. The plaintiff asks judgment for said sum and interest. The answer is a general denial.

The record states, that the plaintiff, to sustain the issues upon his part, adduced evidence tending to prove each and every averment of fact contained in his petition, and the defendant, upon his part, gave evidence tending to controvert such averments of fact, and that there was evidence tending to prove all the facts submitted in the several instructions to the jury.

There was judgment for the defendant, and the only error complained of is the misdirection of the jury by the court.

At the instance of the plaintiff the court instructed the jury as follows:

" If you find from the evidence that, prior to the date of the paper read in evidence of January 11, 1884, the defendant verbally agreed with the plaintiff to act for the plaintiff in endeavoring to buy for the plaintiff a certain interest in the mines mentioned in evidence, and that the defendant represented to the plaintiff that such purchase would require twenty-five hundred dollars to obtain the interest of Noone, and did obtain of the plaintiff that sum for that purpose, and that the defendant in fact purchased said interest of said Noone for one thousand dollars, and did not account to the plaintiff for said difference, but caused the same ·to be conveyed to the plaintiff, and retained the said twenty-five hundred dollars, then your verdict should be for the plaintiff for the sum of fifteen hundred dollars."

At the instance of the defendant, the court gave, among others, the following instruction :

"2.  The court instructs the jury that, if they believe and find from the evidence, that by the transaction in question, between the plaintiff and the defendant, the defendant sold and conveyed, or caused to be conveyed to the said plaintiff, a one-fourth interest in the mines referred to in the petition, for the sum of twenty-five hundred dollars, as set out in the written contract of January 11, 1884, and that the defendant did make, or cause to be made, by one Morris, a conveyance to the plaintiff of such interest, then, and in that case, the jury should find their verdict for the defendant, no matter what it cost the defendant to buy such interest from other parties."

The plaintiff complains that there is a direct conflict between these two instructions, and that the second does not limit the first, but contradicts it.

This complaint is just. The first instruction tells the jury that if the defendant caused the property to be conveyed to the plaintiff for twenty-five hundred dollars, when in fact he purchased it for one thousand dollars, they should find for the plaintiff in the sum of fifteen hundred dollars. While the second tells the jury that they should find for the defendant under substantially the same facts.

The defendant contends that there is no conflict between these two instructions. That the instruction given on the part of the defendant is predicated upon a finding by the jury that the defendant acted solely by virtue of a written contract between the plaintiff and himself, as a principal and not as an agent ; while the plaintiff's instruction is predicated upon a state of facts under which the defendant was constituted the plaintiff's agent by a verbal modification of the written instrument. If it was the design of the defendant to have the attention of the jury directed to the distinction above stated, then the language used in the second instruction was very inaptly chosen, because such language is far better designed to mislead than to aid the jury.

It is apparent that every one of the facts stated in the defendant's instruction may be found by the jury in favor of the defendant, without depriving him of the character and responsibility of an agent. The written instrument referred to in the instruction is not preserved in the record, but as the record finds that there was evidence tending to prove that the defendant agreed to act for the plaintiff in concluding this sale, we must assume that he may have done so, notwithstanding this writing. It is true the instruction used the words " sold and conveyed," but it uses them in the alternative with " caused to be conveyed." The difference between a state of facts which constitutes the defendant a principal in his dealings with the plaintiff, and one which constitutes him

the plaintiff's agent, is very apparent when the facts pass in review before the cultured legal sense of the judge, but in order that the distinction may become intelligible to a jury, their attention should be drawn to it in une- quivocal terms, which can not be misunderstood.

In this case the petition warranted no recovery, if the plaintiff and the defendant dealt with each other solely on the footing of principals. It failed to state that the defendant's fraudulent representations formed an inducement of the purchase, or that the plaintiff relied upon them, or that the property purchased was worth less than the price paid. The plaintiff's claim of recovery was based on the sole fact that the defendant, as his agent, obtained from him twenty-five hundred dollars for a certain purpose, and expended only one thousand dollars, leaving him accountable for the residue. As the jury was misinstructed on this issue, the judgment can not be permitted to stand.

The judgment is reversed and the cause remanded. All the judges concur.